**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CAMILLE CHEW,

      Plaintiff,

v.

PEINIQULIULANG,

      Defendant.

Case No.: 1:26-cv-06646

Judge Lindsay C. Jenkins

Magistrate Judge Albert Berry, III

**AMENDED COMPLAINT**

Plaintiff, CAMILLE CHEW ("Chew" or "Plaintiff"), by Plaintiff's undersigned counsel, hereby complains of "peiniquliulang" identified on Amended Schedule A attached hereto ("Defendant"), and for Plaintiff's Amended Complaint[1] hereby alleges as follows:

**JURISDICTION AND VENUE**

1.    This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial internet store operating under the Defendant alias and/or the online marketplace account identified in Amended Schedule A attached hereto (the "Defendant Internet Store"). Venue is proper in any district in which Defendant resides or may be found which includes any district in which it would be subject to personal jurisdiction. See 28 U.S.C. § 1391(b)(3). On information and belief,

---

[1] A redline version of this Amended Complaint is attached as **Exhibit 2.**

1

Defendant is not a resident of the United States, which means that it may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

**INTRODUCTION**

3.  Plaintiff, Camille Chew, is the owner of the federal copyright registration that protects the creative content of Plaintiff's illustration. Plaintiff is an illustrator and artist who creates graphic, whimsical, and colorful artwork inspired by nature, the occult, and the culinary world.

4.  Plaintiff is the owner of United States Copyright Registration No. VA 2-467-077 (the "Camille Chew Work") and the registration is attached hereto as **Exhibit 1**. Upon information and belief, the copyright has an effective date that predates the Defendant's acts of copyright infringement.

5.  Defendant is an individual or business entity who, upon information and belief, resides in a foreign jurisdiction. Defendant operates at least one e-commerce store under the Defendant Internet Store identified on Amended Schedule A and/or other aliases. Defendant conducts business in the United States and has offered for sale and sold products to United States consumers, including in Illinois and this judicial district.

6.  Plaintiff is forced to file this action to combat Defendant's piracy of the Camille Chew Work. Plaintiff has been and continues to be irreparably damaged through loss of control over the creative content of the valuable copyright, reputation, goodwill, the quality and ability to license as a result of Defendant's actions and seeks injunctive and monetary relief.

2

**THE PLAINTIFF**

7.      Plaintiff, CAMILLE CHEW, is the owner of the Copyright Registration that protects the creative content of the Camille Chew Work. Plaintiff is an illustrator and artist who loves pattern design and all things witchy and magical. She enjoys creating artwork that people can incorporate into their daily lives, whether through prints, apparel, phone cases, or patterned fabrics. Chew has been working professionally as an artist for over ten years. She began selling her artwork online and accepting client commissions in 2015 after building a following on social media. Information about the Camille Chew Work is provided in the following table:

| Registration No. | Effective Date of Registration | Title of Work | Design |
|---|---|---|---|
| VA 2-467-077 | August 6, 2025 | Witchcraft | |

8.      Chew has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Camille Chew Work. As a result, products associated with the Camille Chew Work are recognized and exclusively associated by consumers, the public, and the trade as products authorized by Plaintiff (the "Camille Chew Products").

3



https://www.redbubble.com/people/lordofmasks/shop?

9.      Plaintiff is the owner of the United States Copyright Registration that covers the Camille Chew Work. The Registration is valid, subsisting, and in full force and effect. A true and correct copy of the registration certificate for the Camille Chew Work is attached hereto as **Exhibit 1**.

10.      In an effort to illegally profit from the creative content of the Camille Chew Work, Defendant has created the Defendant Internet Store and designed it to appear to be selling authorized Camille Chew Products. Upon information and belief, Defendant facilitates sales by designing the Defendant Internet Store so that it appears to unknowing consumers to be an authorized online retailer, outlet store, or wholesaler selling genuine Camille Chew Products.

11.      Plaintiff has invested substantial time, money, and effort in building up and developing consumer awareness, goodwill, and recognition in the Camille Chew Work.

4

12. The success of the Camille Chew Work is due in large part to Plaintiff's marketing, promotional, and distribution efforts.

13. As a result of Plaintiff's efforts, the quality of the Camille Chew Products, the promotional efforts for Plaintiff's products and designs, press and media coverage, and social media coverage, members of the public have become familiar with the Camille Chew Work and associate it exclusively with Plaintiff.

14. Plaintiff has made efforts to protect Plaintiff's interests in and to the Camille Chew Work. No one other than Plaintiff and Plaintiff's licensees are authorized to manufacture, import, export, advertise, create derivative works, offer for sale, or sell any goods utilizing the Camille Chew Work without the express written permission of Plaintiff.

### THE DEFENDANT AND THE DEFENDANT'S UNLAWFUL CONDUCT

15. Defendant is an individual and/or business entity who, upon information and belief, resides in the People's Republic of China or another foreign jurisdiction. Defendant conducts business throughout the United States, including within Illinois and in this judicial district, through the operation of the online marketplace operating under the Defendant Internet Store. Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell illegal Camille Chew Products to consumers within the United States, including Illinois and in this judicial district.

### COUNT I
### COPYRIGHT INFRINGEMENT

16. Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Amended Complaint.

17. The Camille Chew Work is an original work and is copyrightable subject matter under 17 U.S.C. § 101 et seq.

18.     At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendant, as alleged hereunder, including but not limited to the Camille Chew Work, including derivative works. The Camille Chew Work is the subject of a valid Copyright Registration Certificate issued by the Register of Copyrights. (**Exhibit 1**).

19.     Defendant had access to the Camille Chew Work via the internet, where the design appears on Plaintiff's authorized websites.

20.     Defendant's unauthorized products either reproduce the Camille Chew Work or are derived from the Camille Chew Work:

| Plaintiff's Camille Chew Work | Defendant's Infringing Product |
|---|---|
|  | |

21.     Defendant, without the permission or consent of Plaintiff, has sold and continues to sell online pirated derivative works of the copyrighted Camille Chew Work through online marketplace listing. Upon information and belief, Defendant's unauthorized listing at issue in this case is accessible and has been accessed by Illinois residents. Defendant has violated Plaintiff's exclusive rights of reproduction, distribution, and public display under the Copyright Act. 17

6

U.S.C. §§ 106(1), (2), (3), (5). Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act, 17 U.S.C. § 101 et seq.

22.     As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. §505.

23.     The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyright and ordering that Defendant destroy all unauthorized copies.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from:

a. Using the Camille Chew Work or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized Camille Chew Product or is not authorized by Plaintiff to be sold in connection with the Camille Chew Work;

b. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Camille Chew Work;

c. further infringing the Camille Chew Work and damaging Plaintiff's goodwill;

7

d.  shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use the Camille Chew Work, and which are derived from Plaintiff's copyright in the Camille Chew Work; and

e.  using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Store, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyright in the Camille Chew Work;

2) For Judgment in favor of Plaintiff against Defendant that it has: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered copyright pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Amended Complaint;

3)  For Judgment in favor of Plaintiff against Defendant for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

4)  That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs; and

5)  Award any and all other relief that this Court deems just and proper.

DATED: June 11, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***